IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JOHN SNODDERLY,<br><br>**Plaintiff,**<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC AND WAKEFIELD & ASSOCIATES, INC., D/B/A REVENUE RECOVERY CORPORATION,<br><br>**Defendants.** | CIVIL ACTION NO.<br>7:17-CV-01480-LSC |

## REPORT OF THE PARTIES' PLANNING MEETING

1.   Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' representatives was conducted telephonically on **October 25, 2017**. The following persons participated in the Rule 26(f) Conference:

   \*   Micah S. Adkins for Plaintiff John Snodderly ("Plaintiff");

   \*   Alan Leeth for Defendant Wakefield d/b/a Revenue Recovery Corporation ("Wakefield");

   \*   Kendall Carter for Defendant Equifax Information Services, LLC ("Equifax"); and

   \*   Jack Young and Meredith Kincaid for Defendant Experian Information Solutions, Inc. ("Experian").

**2.     Initial Disclosures:**

The parties will exchange by **November 17, 2017**, the Initial Disclosures required by Rule 26(a)(1), including non-confidential and non-privileged documents, to the extent the documents are available for production.

**3.     Synopsis and Nature of the Claims and Defenses**:

(a) Plaintiff's Statement:  This is an action for damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"). More specifically, Plaintiff claims that Defendant Equifax Information Services, LLC ("Equifax"), erroneously reported inaccurate information on Plaintiff's consumer report to third parties as a result of non-compliance with § 1681e(b). The inaccurate information includes, but is not limited to, a debt collection account reported by Defendant Wakefield d/b/a Revenue Recovery Corporation ("Wakefield") related to a delinquent medical bill that does not belong to Plaintiff. Equifax failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff.  Had Equifax followed such procedures it would never have falsely reported a medical collection account which did not belong to Plaintiff.

Plaintiff also claims Equifax failed to comply with § 1681i when it, *inter alia,* failed to provide him with the results of its reinvestigation or the steps it

undertook while reinvestigating Plaintiff's dispute. As a result, Plaintiff did not and could not know whether Equifax addressed his dispute.

With respect to Plaintiff's claims against Defendant Experian Information Solutions, Inc. ("Experian"), erroneously reported inaccurate information on Plaintiff's consumer report to third parties as a result of non-compliance with § 1681e(b). The inaccurate information includes, but is not limited to, the Wakefield medical debt collection account. Again, the Wakefield account is inaccurate because it did not belong to Plaintiff. Experian failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Equifax followed such procedures it would never have falsely reported a medical collection account which did not belong to Plaintiff.

Plaintiff also claims Experian failed to comply with § 1681i when it, *inter alia*, failed to perform a reasonable investigation of the disputed information and "verified" the disputed Wakefield account belonged to Plaintiff.

With respect to Plaintiff's claims against Wakefield, said defendant failed to comply with its duties under § 1681s-2(b) after receipt of notice of Plaintiff's dispute from a consumer reporting agency. Further, Plaintiff claims Wakefield failed to comply with the Fair Debt Collection Practices Act ("FDCPA") when it falsely represented the status of the collection account, communicated false information about the collection account, failed to respond to Plaintiff's dispute of

the validity of the debt, and attempted to collect on the debt by using false, misleading, unfair and unconscionable means to collect on the debt.

As a result of Equifax's, Experian's and Wakefield's non-compliance, Plaintiff seeks actual damages in the form of reduction in his credit score, damage to reputation and emotional distress, statutory damages under the FCRA, statutory damages under the FDCPA, punitive damages, and attorney's fees and costs under the fee-shifting provisions of the FCRA and FDCPA.

(b) **Wakefield's Statement**: Wakefield denies the allegations of improprieties and violations of law made against it in the Complaint and denies that it caused any injury or damage to Plaintiff. Accordingly, Wakefield denies that it violated the FDCPA, the FCRA, or any other law or obligation, in connection with Plaintiff and/or the subject debt, denies that it is liable to Plaintiff in any amount and denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Complaint. In making this statement, Wakefield does not waive, and expressly incorporates as if fully set forth herein, the defenses set forth in its Answer and reserves the right to supplement this statement as this case and the facts develop.

(c) **Equifax's Statement**: Defendant Equifax Information Services LLC ("Equifax") is a consumer credit reporting agency as that term is defined by the FCRA. At all times relevant to this case, Equifax maintained and followed

reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiffs' credit file. Equifax further conducted a reasonable reinvestigation into any disputed information by Plaintiff. Accordingly, Equifax has no liability in this case and denies all liability to Plaintiff for any damages.

      (d) Experian's Statement: Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian is a repository or clearinghouse for consumer credit information. It receives credit information on consumers from banks, finance companies, the public record, and other sources of consumer credit data and stores this credit information in its computer files. Credit grantors come to Experian to access a consumer's credit history to assess that consumer's creditworthiness.

Plaintiff alleges that Experian negligently and willfully failed to comply with the requirements of the FCRA. (Compl. ¶¶ 54 – 62.) Experian states that the claims asserted against it are governed by the provisions of the FCRA and those regulations and decisions outlining and interpreting Experian's rights and responsibilities under the FCRA. Experian denies that it negligently or willfully violated the FCRA.

Experian readopts and realleges its affirmative defenses from the Answer

and Affirmative Defenses filed in response to Plaintiffs' Complaint as if fully set forth herein. In making this statement, Experian does not waive any defenses and reserves the right to supplement this statement as this case and the facts may develop. At this time, Experian is not asserting any claims against Plaintiff in this action.

**4.     Discovery Plan.** The parties propose to the Court the following discovery plan:

Plaintiff states: Plaintiff intends to seek discovery on, *inter alia*, the defendant's policies and procedures to assure maximum possible accuracy of consumer reports, reinvestigation policies, disclosure policies, other similar incidents, notice of mixed files and net worth.

Defendants state**:**  Defendants intend to conduct discovery including but not limited to the following subjects: all facts alleged in the complaint, including but not limited to the Plaintiff's alleged damages (both economic and non-economic) and bases for claims of relief and defenses against the same.  Defendants expect they will need discovery related to the Plaintiff's credit history and financial history, possibly including payments made from Plaintiff's bank accounts.

(a)     **Discovery Deadline**.  All discovery will be commenced in time to be completed by **April 27, 2018**.

(b) **Discovery Limitations**. With respect to the discovery items, the parties agree no deviation from Rules 30 and 33 is necessary. The parties agree to voluntarily limit requests pursuant to Rules 34 and 36 to forty-five (45).

(c) **Dates for Exchanging Reports of Expert Witnesses**. Reports from retained experts under Rule 26(a)(2) are due from Plaintiff by **February 16, 2018**, and from Defendants by **March 16, 2018**.

(d) **Supplementation**. Any supplementation shall be due as required under Rule 26(e).

5. **Other Items:**

(a) **Pretrial Conferences**. The parties do not request a scheduling conference prior to entry of a scheduling order. The parties do request a pretrial conference.

(b) **Addition of Parties and Amendment of Pleadings**. The parties request until **January 5, 2018**, for the Plaintiff to join additional parties and amend pleadings. The parties request until **January 19, 2018**, for the Defendants to join additional parties and amend pleadings.

(c) **Dispositive Motions**. The parties propose that all potentially dispositive motions must be filed and served no later than **May 25, 2018**.

(d) **Prospects for Settlement**. The parties plan to discuss settlement in good faith, but are unable to evaluate the likelihood of successful

settlement absent the informal exchange of the parties' documents. In the event that an early settlement is not possible, the parties agree to mediate this matter no later than **February 28, 2018**.

(e) **Alternative Dispute Resolution**. At this time, the parties are unable to evaluate the likelihood of success of alternative dispute resolution.

(f) **Pre-Trial Disclosures**. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due 30 days prior to the trial date.

(g) **Objections to Pre-Trial Disclosures.** Parties should have 15 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(h) **Suggested Trial Dates and Estimated Length of Trial.** The case will be ready for trial on or about **August 27, 2018**. The estimated length of trial is expected to be 3-4 days.

(i) **Electronic Discovery (ESI).** The parties will take reasonable measures to preserve electronic information. Information will be preserved in accordance with the parties' respective document retention plans. ESI will be produced in searchable PDF format, to the extent possible.

(j) **Protective Orders**. Plaintiff will seek discovery on Defendants' internal policies and procedures. Defendants require entry of a protective order before producing certain of their internal policies and procedures.

The parties agreed to work together, in good faith, in an attempt to file a joint stipulated protective order before the deadline to respond to discovery.

(k)     **Qualified Order.**   In the event a HIPAA Order is necessary, the parties will work together to draft a joint stipulated Qualified HIPAA Order.

(l)     **Clawback Provision**. The inadvertent disclosure or production of documents subject to protection by the attorney/client privilege and/or protected by the work product doctrine, or other legal privilege, shall not constitute waiver of any privilege or other protection, provided that the producing party making the claim notifies the receiving party of the privilege claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

The production of privileged or work-product protected documents or ESI, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall

serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

>Respectfully submitted,
>
>*/s/ Micah S. Adkins*
>Micah S. Adkins (ASB-8639-I48A)
>**THE ADKINS FIRM, P.C.**
>2 Perimeter Park Suite 405 E
>Birmingham, AL  35243
>Telephone:  (205) 206-6718
>Facsimile:  (205) 208-9632
>Email:   MicahAdkins@ItsYourCreditReport.com
>*Counsel for Plaintiff*
>
>*/s/ Meredith C. Kincaid*
>L. Jackson Young, Jr. (ASB-7946-G65L)
>Ferguson Frost Moore & Young, LLP
>1400 Urban Center Drive, Suite 200
>Birmingham, AL  35242
>Telephone:  (205) 879-8722
>Facsimile:  (205) 879-8831
>Email:    LJY@ffmylaw.com
>
>Meredith C. Kincaid
>Admitted *pro hac vice*
>JONES DAY
>1420 Peachtree Street, N.E. Suite 800
>Atlanta, Georgia 30309
>Telephone: 404.581.8043
>Facsimile: 404.581.8330
>mkincaid@jonesday.com
>*Counsel for Experian Information Solutions, Inc.*

*/s/ Kirkland E. Reid*
Kirkland E. Reid (ASB-9451-158K)
Jones Walker, LLP
RSA Battle House Tower
11 North Water Street, Suite 1200
Mobile, AL  36602
Telephone:   (251) 439-7513
Facsimile:    (251) 439-7358
Email:          kreid@joneswalker.com
*Counsel for Equifax Information Services, LLC*


*/s/ Alan D. Leeth*
Alan D. Leeth (LEE038)
Rachel R. Friedman (FRI045)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:   (205) 251-3000
Facsimile:    (204) 458-5100
aleeth@burr.com
rfriedman@burr.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 13, 2017, I filed the foregoing paper using the CMECF System, which will send electronic notification of the same to the following counsel of record:

| | |
|---|---|
| L. Jackson Young, Jr.<br>Ferguson, Frost, Moore & Young, LLP<br>1400 Urban Center Drive, Suite 200<br>Birmingham, AL  35242 | Kirkland E. Reid<br>Jones Walker LLP<br>11 N. Water Street, Suite 1200<br>Mobile, AL 36602 |
| Meredith C. Kincaid<br>JONES DAY<br>1420 Peachtree Street, N.E. Suite 800<br>Atlanta, Georgia 30309 | Alan D. Leeth<br>Rachel R. Friedman<br>Burr & Forman LLP<br>Birmingham, AL  35203 |

                                      */s/ Micah S. Adkins*
                                      Micah S. Adkins